## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Amber Jandura | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Global Credit and Collection Corporation | ) | |
| 2699 Lee Road | ) | |
| Winter Park, FL 32789 | ) | |

## COMPLAINT

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

1. Plaintiff, Amber Jandura, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Global Credit and Collection Corporation. Plaintiff alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f

3. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and

receive the confidence of the public and that the only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall liberally be construed to carry out these objects and purposes......It is further declared to be the public policy of this State to protect consumers against debt collection abuse" 225 ILCS 425/1a.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois.
8. Defendant, Global Credit and Collection Corporation is a Florida corporation with a principal office located at 2699 Lee Road, Winter Park, FL 32789.
9. Unless otherwise stated herein, the term "Defendant" shall refer to Global Credit and Collection Corporation.
10. Defendant regularly attempts to collect debts owed or due another.
11. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.
12. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

13. Plaintiff filed for Chapter 7 Bankruptcy on September 30, 2011.

14. Prior to filing of this Bankruptcy Debtor Plaintiff was facing collection by Defendant for a debt from an original creditor.
15. At some point after Discharge, this debt was sold from original creditor to Defendant. .
16. On November 6, 2014, Plaintiff received collection letter in the mail from Defendant. See Exhibit A.
17. Upon receiving this letter, Plaintiff called Defendant to explain that this debt was Discharged in her Chapter 7 Bankruptcy.
18. In this converstion, Plaintiff made clear that the original creditor was part of her Bankruptcy Discharge.
19. Defendant's told Plaintiff over the phone that he "could not take her word that you filed for Bankruptcy."
20. Specifically, Defendant told Plaintiff that even though she filed Bankruptcy and was successfully Discharged, collection activities will continue unless Plaintiff can show that the original creditor with the correct account number was listed on her Bankruptcy Petition.
21. This debt was in fact legally Discharged in her Bankruptcy.
22. Defendant is seeking to collect on this Discharged debt.

## COUNT 1-FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
24. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on.
25. Defendant violated 15 U.S.C. Section 1692f by using unfair and unconsciounable means to collect this debt.

## COUNT II-ILLINOIS COLLECTION AGENCY ACT

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
27. A private right of action exists for violation of the ICAA. Sherman v. Field

Clinic, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979).

28. Defendant, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

29. The Defendant's conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.

30. The Defendant's conduct violated 225 ILCS 425/9(a)(20) in that it attempted to enforce it's right to collect on a debt that it knew or should have known was not legally enforceable.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff